## JOHN N. LAW v. CITY OF ST. LOUIS, Appellant, and UNITED RAILWAYS COMPANY of ST. LOUIS.

Division One, March 14, 1922.

1. **CONTRIBUTORY NEGLIGENCE: Defective Street: Question for Jury.** Where plaintiff was injured by the overturning of an automobile he was driving along a public street, due to the front wheel running into a rut or depression in the paving of the street alongside of the rail of a street railroad track, it was a question for the jury to determine whether the defect in question exhibited such outward and visible evidence of its true character as a dangerous obstruction that plaintiff, by the exercise of ordinary care, would have seen and avoided it, and hence a demurrer to the evidence was properly overruled.

2. **NEGLIGENCE: Two Defendants: Self-stultifying Verdict.** Where plaintiff sued a city and a street railroad company for damages for

injuries received by him, while driving an automobile along a public street, by reason of a defect in such street, which both defendants were under a duty to keep in repair, and the negligence of both defendants was practically conceded on the evidence and the only seriously controverted issue was whether plaintiff was guilty of contributory negligence, a verdict for defendant city and against defendant street railroad company was self-stultifying and contradictory and was properly set aside.

Appeal from St. Louis City Circuit Court.—*Hon. Wilson A. Taylor*, Judge.

AFFIRMED.

*Henry S. Caulfield, George F. Haid* and *A. H. Bader* for appellant.

(1) The plaintiff was guilty of contributory negligence, and the court should have sustained the demurrer offered by the defendant city at the close of plaintiff's case and later renewed at the close of the entire case. Solomon v. Duncan, 194 Mo. App. 517; Wheat v. St. Louis, 179 Mo. 572; Coffee v. Carthage, 186 Mo. 573; Ryan v. Kansas City, 232 Mo. 471; Sindlinger v. Kansas City, 126 Mo. 315. (2) The occupancy of the street by the United Railways Company created a special right or interest therein in favor of said company, which right must not be allowed to interfere with the safe use by the public. The primary duty of keeping in repair the part thus occupied is cast upon the United Railways Company, and a different rule of liability exists than that of an abutting owner. Such liability and duty to repair exists at common law, and an action can be maintained by a third party injured directly against such railway. St. Joseph v. Railroad, 116 Mo. 636; Independence v. Mo. Pac. Ry., 86 Mo. App. 585; Jenre v. Railroad, 86 Kan. 479; Brooklyn v. City Ry. Co., 47 N. Y. 475; St. Paul Water Co. v. Ware, 16 Wall, 566. (3) The jury was justified in finding in favor of the city and against the United Railways Company under the law, the instruc-

tions and the evidence. The verdict and judgment not being set aside for any error committed in the course of the trial as to either the defendant United Railways Company or the City of St. Louis, the court was not justified in setting aside the verdict and the judgment as to the city. Wiggins v. St. Louis, 135 Mo. 558; Kilroy v. St. Louis, 242 Mo. 9; Hutchinson v. Mullins, 189 Mo. App. 438; Mancuso v. Kansas City 74 Mo. App. 138.

*Frank X. Hiemenz* for respondent.

RAGLAND, C.—This is a suit for personal injuries alleged to have been caused by the negligent failure to repair, and maintain in a reasonably safe condition, one of the defendant city's paved streets.

Plaintiff's evidence, in its aspect most favorable to his contentions, tended to show the following state of facts: Finney Avenue, at the time of the casualty presently to be described, was a public thorough-fare running in an easterly and westerly direction in the City of St. Louis. It was intersected by Vandeventer Avenue which runs north and south, and again, just a block west, by Sarah Street. Finney Avenue between the intersections just mentioned was forty-two feet in width from curb to curb, and was occupied by two parallel street railroad tracks over which the defendant United Railways Company ran its electric cars; the north track was used for west bound cars and the south track for those going east. The distance between the north rail and the north curb of the street was about fourteen feet. The center of the street occupied by the railroad tracks was paved with granite blocks. This strip of granite paving extended out beyond the north track a distance of twelve inches. The remainder of the street was paved with macadam. The tops of the rails were approximately an inch above the surface of the street. In the north rail of the track used for west bound cars, at a point nearly opposite the premises known as 3955 Finney Avenue, there was a low joint. Some of the

material upon which the rails were laid had worked out at that point and the loose joint moved up and down as cars passed over it causing further distintegration of the paving. Along the north side of the rail adjacent to the low joint there was a rut or depression. This depression was above five feet long. It was widest and deepest at the joint; there it was five inches wide at the top and three and one-half inches deep next to the rail. From thence it tapered toward each end. The north side of the rut sloped from the surface of the street down to the bottom of the rail. The wheels of a vehicle in passing over the depression would slide down against the rail along the outer side of which at the top there was a flange. On approaching the depression it could be seen from a distance of from thirty-five to fifty feet.

On November 20, 1918, plaintiff, who was about twenty years of age and an experienced chauffeur, was driving an automobile delivery wagon west on the north side of Finney Avenue between Vandeventer Avenue and Sarah Street. After he crossed over Vandeventer Avenue there was a street car about fifty feet ahead of him proceeding in the same direction. He was driving along next to the track at the rate of about ten miles an hour watching the car and the street in front of him. There was nothing else to attract his attention, and nothing to obstruct his view. He apparently did not see the rut or depression heretofore described; if he did see it, he paid no attention to it. When his vehicle reached that point the left front wheel sank and caught momentarily, then the front end of the car tilted up, the steering wheel veered around suddenly, the car crossed the track toward the south, turned completely around and then over on its side, catching one of plaintiff's legs between the running board and pavement. His injuries were severe. The brakes and appliances on the automobile were in good condition and, had plaintiff so desired, he could have stopped within a space of three feet.

The rut or depression had existed some two or three months prior to the accident. One of the city's inspec-

tor's had reported to the Street Commissioner that the condition of the street in that immediate vicinity was dangerous, and on November 12th the latter had signed an official notice to the defendant United Railways Company calling its attention to such condition and directing it to make repairs.

An ordinance of the City of St. Louis required all street railway companies to keep in repair street pavements covering the space between the rails of their tracks and the space between the tracks where there was a double track or more, and twelve inches outside of each outside rail.

On February 5, 1919, plaintiff gave to the Mayor of the defendant city notice in writing of his injuries and the damages claimed, in conformity with the statutory requirements.

Plaintiff instituted this suit to recover for such injuries, February 14, 1919. No question is raised as to the pleadings. The defendants answered separately, each denying generally the allegations of the petition, and averring that whatever injuries plaintiff received were caused by his own negligence: (1) in driving toward and into the alleged defect in the street, if any, when he saw, or by the exercise of ordinary care could have seen, the same in time to have avoided driving into it; and (2) in driving at a rate of speed in excess of ten miles an hour in violation of a pleaded ordinance.

At the conclusion of plaintiff's case in chief both defendants demurred. Their several demurrers were overruled. The Railways Company then stood mute, but the City introduced evidence tending to show both actual and constructive knowledge of the defect in the street, on the part of its co-defendant, for a sufficient length of time prior to the accident for it to have made the necessary repairs before its happening.

At the close of all the evidence demurrers offered by the respective defendants were again overruled. The case was submitted to a jury under instructions of which no complaint is made. A verdict was returned in favor

of the defendant city and against the defendant United
Railways Company for the sum of $7,500.  A motion for
a new trial was filed by the latter defendant and also one
by plaintiff as against the defendant city.  Both motions
were sustained, technically on the grounds therein speci-
fied, that the verdict was against the evidence and the
weight of the evidence, but the court's reasons for grant-
ing a new trial were more fully set forth in the following
memorandum filed by the trial judge:

"It is the opinion of the court that the interest of
the parties will be best served in this case by another
trial.  This for the reason that the jury under substan-
tially the same state of facts found against defendant Uni-
ted Railways Company and in favor of defendant City of
St. Louis.  Such finding must have been the result of
some erroneous conception by the jury of their duty un-
der the testimony and the instructions.  Such finding is
not therefore, in my opinion justified by the evidence."

From the order granting plaintiff a new trial as to
it, the defendant, City of St. Louis, appeals.

Appellant seeks a reversal on essentially two
grounds:  (1)  Plaintiff was guilty of contributory negli-
gence as a matter of law; and (2)  the jury was within
its prerogative in returning a verdict in favor of one de-
fendant and against the other, and the court was not
justified in setting the verdict aside on that ground.

I.  There was no evidence that plaintiff was driving
at a rate of speed in excess of ten miles an hour.  Nor did
it appear that he had any previous knowledge of the
defect in the street.  Appellant bases its claim of con-
tributory negligence on the proposition, that plaintiff
saw, or by the exercise of ordinary care
**Contributory** could have seen, the defect in time to have
**Negligence:** avoided it.  In support of its contention in
**Jury Question.** this respect, appellant cites a number of
cases in which it is in effect held, that while the city owes
the citizen the duty to keep the highways reasonably safe
for persons to pass over, the citizen owes the city the

duty to use his senses and not run into obstructions which by the exercise of ordinary care he could easily discover and avoid. The principle announced in these cases is firmly established, but it does not conclusively convict plaintiff of negligence on the facts of this case. While the rut or depression could have been seen by him while his automobile was still from thirty-five to fifty feet away, it does not appear that its dangerous character was also discernible from any point of view he may have had. It is probable that only a close inspection would have disclosed the possible consequences of driving over it. A mere depression in the pavement near the street railroad track, without presenting any other characteristics to an approaching traveler in a motor vehicle, would not necessarily attract his attention, even though he were exercising ordinary care. Whether the defect in question exhibited such outward and visible evidences of its true character as a dangerous obstruction that plaintiff by the exercise of ordinary care would have seen and avoided it, was clearly a question for the jury.

II. The negligence of both defendants stands practically conceded on the evidence. The only seriously controverted issue was whether plaintiff was guilty of contributory negligence. The jury found in favor of one defendant and against the other. It is true as a matter of law that as between the defendants the United Railways Company was primarily liable, but that was not a matter for the jury's consideration. On the facts as disclosed by the evidence, and under the court's instruction, a consistent finding must necessarily have been either for both defendants, or against both. The verdict as it stands is a contradiction—it stultifies itself. The trial court very properly held that it was a result of "some erroneous conception by the jury of their duty," and set it aside.

Self-Stultifying Verdict.

The order granting plaintiff a new trial as against the defendant, City of St. Louis, is affirmed. *Small, C.,* concurs; *Brown C.,* absent.

PER CURIAM:—The foregoing opinion by RAG-
LAND, C., is hereby adopted as the opinion of the court.
All of the judges concur.