LOUISE MICHELY, ADMINISTRATRIX OF THE ESTATE OF NICHOLAS MICH-
ELY, DECEASED, RESPONDENT, v. MISSISSIPPI VALLEY STRUCTURAL
STEEL COMPANY, A CORPORATION, APPELLANT.*

St. Louis Court of Appeals.  Opinion filed December 6, 1927.

---

*Corpus Juris-Cyc. References: Master and Servant, 39CJ, p. 1315, n.
87 New; p. 1367, n. 75.

*Jones, Hocker, Sullivan & Angert* for appellant.

*Douglass & Inman* for respondent.

BECKER, J.—Plaintiff's action is for damages for personal injuries sustained whilst in the employ of the defendant, Mississippi Valley Structural Steel Company, the other defendant being Arthur Doerner, the foreman of the Steel Company under whom plaintiff was working at the time he met with his injuries. A directed verdict for the defendant Doerner, and a verdict in favor of plaintiff and against the defendant, Mississippi Valley Structural Steel Company for $5000 resulted, and the defendant, Steel Company, in due course appeals. Plaintiff did not appeal from the verdict and resulting judgment in favor of defendant Doerner.

During the pendency of the case here on appeal the death of plaintiff was suggested, and the cause revived in the name of Louise Michely, duly appointed and qualified administratrix of the estate of said Nicholas Michely, deceased.

The defendant conducted a large steel plant where it made and assembled structural steel, and when hurt plaintiff was engaged as a helper in assembling a large steel column, about forty feet long, which weighed five tons. The column was made of four flat pieces which had been bolted together so as to hold the four sides together, and when thus assembled by plaintiff it was the duty of his foreman, defendant Arthur Doerner, to have it moved to a place in defendant's plant where it would be riveted by other employees. It was moved by means of a crane which ran on an overhead track. This crane was in charge of an operator who sat in a cage above the track, some thirty feet high. The crane picked up the column and moved it over some fifty or sixty feet, and then let it down to about waist high over three timbers laying on the ground, which were about ten or twelve feet apart. After the column had thus been lowered and stopped about waist high, it was about seven or eight inches from the top of said east timber, with the east end of the column in such a position that if the column was lowered it would rest on said east timber. Plaintiff testified that while the column was thus hanging stationary about waist high, his foreman, defendant Doerner, who was standing at the west end of the column, gave plaintiff (who was at the east end of the column) a signal to move that end of the column over so it would miss the east timber when lowered. Doerner, the foreman, denies giving such signal.

Plaintiff testified that, in obedience to this signal from the foreman, he took hold of the column to push it over so it would miss the timber, and in order to give him more power he placed his foot on top of the east timber and was in the act of shoving the column from over the timber, as he was ordered to do, when the foreman gave a signal to the craneman to lower the column, and it was lowered on plaintiff's foot, resulting in severe injury thereto.

Though plaintiff's petition sets up three assignments of negligence, he submitted his case solely upon the following assignment:

"That the defendant, Arthur Doerner, in charge of the work where plaintiff was working, negligently directed plaintiff to move the iron column, as aforesaid, at a time when he knew, or by the exercise of ordinary care could have known, that there was danger of plaintiff being injured by the column as aforesaid, thereby causing plaintiff's injuries."

The Mississippi Valley Structural Steel Company, defendant below, here on appeal urges that since by plaintiff's action it, as master, and defendant, Doerner, its servant, are jointly sued for the alleged negligence of Doerner, the servant, and the verdict and resulting judgment was in favor of said servant, but against it, the defendant master, such verdict and judgment against it are inconsistent, erroneous and unauthorized and should be reversed.

An examination of the record discloses that at the close of plaintiff's case, at the request of the defendant Doerner, the court gave the following instruction:

"Now at the close of plaintiff's case, the court instructs the jury that under the law and the evidence, plaintiff is not entitled to recover and your verdict must be for the defendant, Arthur Doerner," but that an identical instruction offered at the close of plaintiff's case and again at the close of the entire case on behalf of the Mississippi Valley Structural Steel Company was refused.

It is to be noted that in the motion for new trial filed by defendant, Mississippi Valley Structural Steel Company, among other grounds set out in support thereof, were the following:

"The verdict is contrary to the law.

"The court erred in overruling defendant's instruction in the nature of a demurrer to the evidence offered at the close of the whole case.

"The court, having directed a verdict in favor of the codefendant, Arthur Doerner, therefore erred in refusing to direct a verdict in favor of defendant, Mississippi Valley Structural Steel Company."

We rule that the error complained of here on appeal is set out in said motion for new trial of the defendant, Steel Company, in such manner as properly to bring the point here for our review.

We have set out above the sole assignment of negligence upon which plaintiff submitted his case to the jury, and a brief statement of

facts, from which it readily appears that plaintiff's case, from the negligence pleaded and the proof made, seeks to hold the defendant Steel Company upon the principle of *respondeat superior*, wherein the master is held liable for the misfeasance or negligent performance of a duty of its servant. If defendant, Steel Company, is liable at all under the pleadings and evidence, it is liable by reason of the negligence of its servant, defendant Doerner, and not otherwise. But the jury returned a directed verdict in favor of the defendant, Doerner, but against the defendant Steel Company in the sum of $5000. This will not do, for if the servant who causes the injury is free from liability therefor, liability cannot attach to the master, for his liability, if any, must be predicated upon the negligent act of his employee. This rule of law is so well established that the reasons therefor no longer need be reiterated. See McGinnis v. Ry. Co., 200 Mo. 347, 98 S. W. 590, wherein the rule is fully discussed. See, also, Lindman v. Kansas City, 308 Mo. 161, 271 S. W. 516, a recent opinion by our Supreme Court, en Banc, in which the rule as laid down in the Mc-Ginnis case is approved.

From the foregoing conclusion it follows that the judgment should be reversed and it is so ordered. *Daues, P. J.*, and *Nipper, J.*, concur.