RAY STEVENS, GUARDIAN, ETC., APPELLANT, v. D. M. OBERMAN MANU-
FACTURING CO. ET AL., RESPONDENTS.—79 S. W. (2d) 516.

Kansas City Court of Appeals. February 18, 1935.

*Barney Reed* and *Sid C. Roach* for appellant.

*Ragland, Otto & Potter*, and *Clark, Boggs, Cave & Peterson* for
respondents.

REYNOLDS, C.—This is an appeal by the plaintiff from the final
order of the circuit court of Boone county, arresting a judgment for
$4000, upon the motion therefor of defendants D. M. Oberman
Manufacturing Company, a corporation, and D. M. Oberman, which
judgment had been rendered in plaintiff's favor against such de-
fendants in said court.

The action in which judgment was rendered was by the plaintiff,
through his guardian and curator, against defendants and one Charles
Melton for damages for injuries alleged to have been received by the

plaintiff from being carelessly struck by an automobile while it was being carelessly operated and driven through the town of Dixon, Missouri, by defendant Charles Melton as chauffeur and employee of the other defendants above named. The verdict of the jury was in favor of defendant Melton and against the appealing defendant employers.

The petition in the cause does not state a cause of action against the appealing defendants, D. M. Oberman Manufacturing Company and D. M. Oberman, hereinafter for convenience referred to as employers, predicated upon their liability upon any actionable act of primary negligence or carelessness upon their part in the operation of the automobile but wholly predicates their liability upon the negligent and careless acts of their chauffeur, servant, and agent, Melton, in the operation of the automobile and in striking the plaintiff therewith; and it proceeds wholly upon the theory of *respondeat superior*, seeking to hold them liable for the consequential damages arising from the alleged careless and negligent act of Melton, their chauffeur within the scope of his employment.

Upon the trial, the verdict of the jury was as follows:

"We, the jury find for the plaintiff and against the defendants, D. M. Oberman Manufacturing Company, a corporation, and D. M. Oberman, and assess plaintiff's damages at the sum of $4000, and we further find in favor of the defendant, Charles Melton."

Upon this verdict, judgment was entered, reciting it and other preliminary proceedings and concluding as follows:

"It is therefore ordered and adjudged by the court that the plaintiff have and recover of and from the defendants D. M. Oberman Manufacturing Company, a corporation, and D. M. Oberman, the sum of four thousand dollars ($4000), the damages so assessed by the jury as aforesaid, together with all costs of this cause, and that execution issue therefor.

"It is further ordered and adjudged by the court that the plaintiff take nothing by his writ against the defendant Charles Melton, and that judgment herein be for said defendant, Charles Melton, and that said defendant, Charles Melton, recover of and from the plaintiff his costs in this behalf made and expended and that he have execution issued therefor."

Following the verdict and judgment, motions for new trial were filed by the plaintiff and each of the said employers. Such employers, in addition to their motions for new trial, also filed separate motions in arrest of judgment. Each of the motions for new trial was overruled upon hearing. The motions in arrest by the employers, however, were sustained; and the following judgment was entered in sustaining the same:

"It is therefore ordered and adjudged by the court that the judgment heretofore entered in this cause be, and the same is arrested as to the defendants D. M. Oberman Manufacturing Company and D. M. Oberman, and that said judgment is for naught held as to said defendants D. M. Oberman and D. M. Oberman Manufacturing Company, but that said judgment remain in full force and effect as otherwise entered."

Thereafter, the plaintiff filed an affidavit for an appeal in statutory form, and an appeal was granted to him to the Supreme Court. Employers appealed from the order overruling their motions for new trial but appear to have abandoned such appeal. There does not appear to have been any final judgment entered in the cause against the employers, other than the judgment in arrest of the judgment which had been entered upon the verdict of the jury. Such judgment upon said verdict was thereby completely wiped out as to said two employers. A judgment appears to have been rendered in favor of the non-appealing defendant Melton. It may not be regarded as final, however, from which an appeal might lie, but interlocutory only inasmuch as it did not dispose of all the parties to the record.

Plaintiff's appeal from the judgment in arrest reaching the Supreme Court, the plaintiff filed a motion therein to transfer such appeal to this court for the reason that the only question involved therein was whether or not the trial court erred in arresting the judgment against the employers, and that, as the amount of the judgment was only four thousand dollars, the appeal was within the jurisdiction of this court.

The Supreme Court, finding that the amount involved in the controversy was only four thousand dollars and that nothing appeared to give it jurisdiction of the appeal from the order in arrest, sustained plaintiff's motion to transfer and ordered that the appeal be transferred to this court as the court having jurisdiction of the same.

■ The only question upon this appeal for our decision is whether the trial court was right in sustaining the motion in arrest. This was so held by the Supreme Court in its opinion (found reported in 70 S. W. (2d) 899, l. c. 902), determining its jurisdiction as to the appeal and ordering the same transferred to this court.

That the trial court was right in sustaining the motion in arrest and in arresting the judgment, we think there can be no doubt.

■ It is prerequisite to a valid judgment against the principal that the agent or servant be convicted of negligence where recovery is sought against the principal—not upon any primary actionable negligence upon his part, but solely upon the negligent acts of the agent or servant and upon the theory that the principal is liable therefor. [McGinnis v. Chicago, R. I. & P. R. Co., 200 Mo. 347, 98 S. W.

590.] In that case, it was said by the court through Judge GRAVES, who wrote the opinion:

"We are firmly of the opinion that in cases where the right to recover is dependent solely upon the doctrine of *respondeat superior*, and there is a finding that the servant, through whose negligence the master is attempting to be held liable, has not been negligent, as was true in the case in hand, there should be no judgment against the master.

"The verdict in this case is a monstrosity. The jury say French was guilty of no negligence, yet, in the same breath, say the company was guilty of negligence, although nothing further was done by the company than what it did through French, its servant. Such a verdict is wrong, it is inconsistent and unreasonable."

The holding in McGinnis v. Chicago, R. I. & P. R. Co., supra, was approved by the Supreme Court in Lindman v. Kansas City, 308 Mo. 161, 271 S. W. 516.

In Michely v. Mississippi Valley Structural Steel Co., 221 Mo. App. 205, 299 S. W. 830, the St. Louis Court of Appeals said: "—— if the servant who causes the injury is free from liability therefor, liability cannot attach to the master, for his liability, if any, must be predicated upon the negligent act of his employee. This rule of law is so well established that the reasons therefor no longer need be reiterated." (Citing authorities.)

Indeed, the proposition is not controverted by the plaintiff; but, upon the contrary, he in his brief vigorously asserts such proposition. Thus, he states the proposition clearly at pages ten and eleven of his brief, as follows:

"The petition herein predicated liability against the corporate defendant and its president on the theory that they were responsible for the acts of their agent and servant in operating their automobile. It was not sought to render such defendants liable upon the theory that they were guilty of any primary actionable negligence, but on the contrary liability was based upon the theory that they were responsible for the negligent acts of their agent and servant in operating their automobile. It is established law in this State that where a master or principal is sought to be rendered liable by reason of the negligent acts of his servant or agent and not because of any primary negligence on the part of the master or principal, it is prerequisite to a judgment against the master or principal that the agent or servant be convicted of negligence."

■ The petition in this cause proceeds as to the employers upon the theory of *respondeat superior* and seeks to recover judgment against them on account of the alleged negligent act of their servant and agent, Charles Melton, while acting within the scope of his em-

ployment. The jury found Melton, the servant and agent, guiltless of such negligence. In other words, it found that the alleged negligence upon which plaintiff seeks to predicate the liability of the employers did not exist. There was no other basis of liability brought forward against them. There was nothing therefore upon which to base a verdict or judgment against them or either of them.

The purpose of a motion in arrest of judgment is to prevent entry of judgment on the verdict where, because of some defect in the record proper, plaintiff is not entitled to the judgment of the court although there has been a verdict in his favor. It was so held by the Supreme Court speaking through Commissioner Hyde in its opinion transferring this appeal to this court, found reported in 70 S. W. (2d) 899; and, in support of which holding, it cited the following: 15 R. C. L. 482, sec. 134; Span v. Jackson-Walker Coal & Mining Co., 322 Mo. 158, 16 S. W. (2d) 190; State ex rel. Conant v. Trimble, 311 Mo. 128, 277 S. W. 916; Rodgers v. Western Home Town Mutual Fire Insurance Co., 186 Mo. 248, 85 S. W. 369; State ex rel. Bond v. Fisher, 230 Mo. 325, 130 S. W. 35; Ann. Cas. 1912A, 970; Slocum v. New York Life Insurance Co., 228 U. S. 364, 33 S. Ct. 523, 1. c. 530, 57 L. Ed. 879.

It was also held by that court in its opinion that the defect in the record proper herein preventing a judgment against the two employers here sought to be held upon the principle of *respondeat superior*, is that the verdict itself is not a basis for a judgment against them under the pleadings because it is shown by the verdict of the jury that it found the facts upon which their liability depends in their favor—namely, that their employee was not negligent; and that, upon such a verdict, it is proper to enter a judgment against the plaintiff and in favor of the employers, citing the following authorities: Doremus v. Root, 23 Wash. 710, 63 P. 572, 54 L. R. A. 649 and note; for Missouri cases and other authorities see McGinnis v. C., R. I. & P. R. Co., 200 Mo. 347, 98 S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. Rep. 661, 9 Ann. Cas. 656; Whiteaker v. C. R. I. & P. R. Co., 252 Mo. 438, 1. c. 450, 160 S. W. 1009; Brunk v. Hamilton-Brown Shoe Co. (Mo. Sup.), 66 S. W. (2d) 903; Michely v. Mississippi Valley Structural Steel Co., 221 Mo. App. 205, 299 S. W. 830; 9 Ann. Cas. 656, note; 54 L. R. A. 649, note; 35 A. L. R. 652, note; 75 A. L. R. 1189, note; 39 C. J. 1367, sec. 1602; 18 R. C. L. 776, sec. 236; see, 15 R. C. L. 1026, sec. 501, and 31 A. L. R. 188, note.

We are therefore not concerned in other matters in the record herein which may only arise for consideration upon an appeal from a final judgment upon the merits. The appeal under consideration is one from a mere final order in arrest. No final judgment upon the merits appears to have been entered below, and consequently no is-

632

sues are involved here as might have been had one been entered and this were an appeal therefrom. This was likewise declared by the Supreme Court in its opinion transferring the appeal to this court.

It follows therefore that the law as thus declared, when applied to the issue involved, necessitates the affirmance of the order and judgment of the court below in sustaining the motion of the employers. The action of the court in such regard was proper. Its order in arrest will be affirmed. The cause, however, will be remanded, so that it may again proceed according to the practice of the court, if further procedure be desired. [Section 1457, R. S. 1929.] *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The order in arrest of judgment is affirmed and the cause is remanded for further procedure in accordance with the practice of the court. All concur.