### REDMOND v. JONES.

Court of Appeals of Kentucky.

May 30, 1952.

Henry Jack Wilson, Mayfield, for appellant.

Sam Boyd Neely, Mayfield, for appellee.

MILLIKEN, Justice.

The only question before us is the adequacy of the pleadings to sustain the judgment because the bill of exceptions and transcript of the evidence were not seasonably filed in compliance with Section 334 of the Civil Code of Practice, and hence were stricken from the record.

The appellant, who was the plaintiff below, appealed from a judgment awarding him $15 damages to his parked automobile and refusing to award him damages for alleged personal injuries. The petition alleged that the defendant, appellee, negligently backed his automobile "into, against, onto and over this plaintiff and his automobile so that his said vehicle was damaged in the sum of Twenty-Five ($25.00) Dollars and this plaintiff suffered painful personal injuries to the extent that he has been damaged in the sum of One Thousand ($1,000.00) Dollars, all of which injuries, both to himself, personally, and to his automobile, were inflicted at said time and place, as a direct and proximate cause of the carelessness, recklessness and negligence of the defendant * * *." The answer generally denied "each and every affirmative allegation of the plaintiff's petition."

On these pleadings a jury could properly award damages for either injury to the person or damage to the automobile, or both, depending upon the evidence offered to sustain the allegations. There was nothing inconsistent in the jury's allowing compensation for property damage and not allowing recovery for personal injuries. The pleadings sustain the judgment.

The judgment is affirmed.