Chris E. SKADAL, Plaintiff-Respondent,

v.

Melvin Francis BROWN, Defendant-Appellant.

No. 48457.

Supreme Court of Missouri,

Division No. 1.

Nov. 13, 1961.

Motion for Rehearing or Modification or for Transfer to Court en Banc Denied Dec. 11, 1961.

Robert L. Jackson, Kansas City, for appellant.

Sanders & Niewald, Kansas City, by Lewis W. Sanders, Kansas City, Sevier & Turnage, Liberty, by Robert F. Sevier, Liberty, Sebree, Shook, Hardy & Ottman, Kansas City, by David H. Clark, Kansas City, for respondent.

HOUSER, Commissioner.

Chris E. Skadal brought suit against Melvin Francis Brown for personal injuries (Count I) and property damage (Count II). Defendant filed a counterclaim for property damage. A trial jury found the issues for plaintiff and against defendant on Count I and awarded plaintiff $28,000 damages; for defendant and against plaintiff on Count II; and for plaintiff and against defendant on defendant's counterclaim.

On this appeal from the judgment entered below defendant makes these points: The verdict is internally inconsistent; the verdict is contrary to Instruction No. 1; Instructions Nos. 1 and 14 are in conflict; the verdict is excessive, violates the rule of uniformity, and is so excessive as to evidence bias and prejudice by the jury.

This litigation arose out of a nighttime collision on Highway 69 north of Kansas City. Plaintiff, driving a tractor-trailer combination, transporting a cargo for one Millard, was forced to stop because of fuel trouble. Plaintiff says he came to a stop completely off the highway and on the

shoulder. Plaintiff owned the tractor; Millard owned the trailer. Plaintiff set out reflectors to warn passing traffic. Defendant was driving a tractor-trailer unit in the same direction plaintiff had been traveling. As defendant approached, plaintiff was standing in the center of the right-hand lane, waving a flashlight in an attempt to warn defendant. Defendant did not slow down, and at a certain point plaintiff, determining that defendant was not going to stop, stepped or ran off the highway onto the shoulder, and stood up against his cab to let defendant pass. Instead of clearing plaintiff's equipment the right front of defendant's tractor struck the left rear of Millard's trailer. According to plaintiff, the collision threw him onto the highway in front of his tractor; inflicted personal injuries upon him and damaged his tractor. Defendant testified that he did not see the reflectors, or plaintiff, or the trailer until defendant was within 50 to 75 feet; that defendant immediately swerved to the left to miss the truck, saw plaintiff on the highway and swerved back to the right to avoid striking plaintiff, and his tractor then struck the Millard trailer, which was parked in such a position that it occupied a considerable portion of the highway.

Instruction No. 1 submitted plaintiff's case to the jury on defendant's failure to keep a careful and vigilant lookout ahead and to see the lights and warnings given by plaintiff, under a direction that if the jury found that such failure constituted negligence "and directly caused injuries to plaintiff and damages to his tractor, then your verdict shall be for the plaintiff on Counts I and II of plaintiff's petition and against the defendant on defendant's counterclaim."

Instruction No. 3 directed an allowance to plaintiff of the difference between the reasonable market value of the tractor immediately before and immediately after the collision, if the jury should "find the issues in favor of plaintiff and that his tractor was damaged as a direct result of the facts recited in Instruction number one."

Instruction No. 9 directed a verdict for defendant and against plaintiff on defendant's counterclaim upon a finding that plaintiff parked his tractor-trailer wholly or partly on the right-hand side of the traveled portion of the pavement so as to block the movement of traffic; that there were no lights or warning devices on the equipment and that this constituted negligence causing the collision.

Instruction No. 14, which prescribed the various possible forms of verdict, included the following form which the jury used:

"We, the jury, find the issues for the plaintiff on Count I of plaintiff's petition and assess plaintiff's damages in the sum of $———— and for the defendant on Count II of plaintiff's petition and for plaintiff on defendant's counterclaim.

—————————."
Foreman

The defendant first asserts that the verdict is internally inconsistent in that the jury could not logically find for plaintiff on Count I of the petition while at the same time finding for defendant on Count II; that if the jury believed plaintiff's version of the accident plaintiff was entitled to and should have recovered on both counts of the petition but that if the jury disbelieved plaintiff's story, plaintiff should have lost on both counts. Defendant points to plaintiff's counsel's argument to the jury that Instruction No. 1 "envisions an award to [plaintiff] on both his personal injuries and the property damages and if you don't feel that he is entitled to both of those, then don't give him a cent because I do not personally see how you could find that he was entitled to personal injuries and not entitled to the property damages." Defendant argues that "despite all logic, in the face of plaintiff's own closing argument, and in the teeth of Instruction No. 1, the jury found for plaintiff on Count I but against him on Count II," and that this verdict cannot stand because it is inconsistent, illogical and self-contradictory.

Defendant cites Blackman v. Botsch, Mo. App., 281 S.W.2d 532, a negligence action in which a verdict for plaintiff on the petition and for defendant on the counterclaim was held inconsistent and self-destroying; Ruth v. McPherson, 150 Mo.App. 694, 131 S.W. 474, in which a verdict for plaintiff-physician for professional services rendered and for defendant-patient on a counterclaim for malpractice was held unreconcilable and inconsistent with itself; Smoot v. Riebel, Mo.App., 274 S.W. 522, in which a verdict for plaintiff on plaintiff's petition for the value of a foxhound killed by defendant, and also for defendant on defendant's counterclaim for injury to his stock, inflicted by the dog, was not permitted to stand, as inconsistent; Ferd Bauer Engineering & Contracting Co. v. Artic Ice and Storage Co., 186 Mo.App. 664, 172 S.W. 417, in which a verdict for plaintiff-contractor in a suit on a building contract and for defendant-owner on his counterclaim for damages from delay and defects in the building was held contradictory; Law v. City of St. Louis, 292 Mo. 384, 239 S.W. 124, where an injured person sued both the city and a street railway company for personal injuries; both defendants defended on the ground of contributory negligence; and a verdict for the city and against the street railway company was held inconsistent; Ruehling v. Pickwick-Greyhound Lines, 337 Mo. 196, 85 S.W.2d 602, and Stevens v. D. M. Oberman Mfg. Co., 229 Mo.App. 627, 79 S.W.2d 516, suits brought against both employer and employee on the theory of respondeat superior, wherein verdicts returned in favor of the employee but against the employer were deemed inconsistent; and cases such as Lanning v. Trenton & Mercer County Traction Corp., 130 A. 444, 3 N.J.Misc. 1006, where a wife sued for personal injuries and the husband in a separate count sued for loss of services or medical expenses, and the jury found in favor of one spouse but against the other. Such verdicts were set aside as internally inconsistent. However correct these decisions were under their factual situations, they have no application here.

This verdict is not necessarily inconsistent. Whether it is inconsistent depends in this case upon the evidence offered to sustain Counts I and II. Redmond v. Jones, Ky.App., 249 S.W.2d 535, 536. While the same proof on the issues of negligence, contributory negligence and causation would be required to sustain each of the two counts, different proof in other respects would be required to authorize the jury to award pecuniary damages under both counts. The burden of proof was upon plaintiff to establish by a preponderance of the evidence under Count I that he sustained personal injuries, the nature and extent of the injuries inflicted, and the special items of damage, and under Count II to establish that his tractor was damaged, the nature and extent of the damages sustained, and the pecuniary loss suffered. Apparently plaintiff satisfied the jury on Count I, but failed on Count II to establish to the satisfaction of the jury that his tractor actually was damaged, or the extent of the damage or the pecuniary loss sustained. It was the function of the jury to pass upon the credibility of plaintiff's testimony that the tractor was damaged and as to its reasonable market value before and after the collision, and to determine the weight and value to be accorded his testimony. Dempsey v. Horton, 337 Mo. 379, 84 S.W.2d 621, 623, 624. Although plaintiff's testimony was uncontradicted, this did not entitle plaintiff to have it accepted as true. Thomson v. Butler, 347 Mo. 269, 147 S.W.2d 437, 439. The jury was privileged to accept or reject plaintiff's testimony with respect to property damage, either in whole or in part, even though uncontradicted and unimpeached. Dempsey v. Horton, supra. With these preliminary observations in mind, we note that plaintiff's evidence that the tractor was damaged and as to the extent of the damage was brief, weak, and unsatisfactory. Furthermore, it was unsupported by photographic evidence and uncorroborated by a

mechanic or other witness. It consisted of two questions and answers, as follows: "Q. Was there any damage to the tractor? A. Yes, sir. Q. Tell us generally what the damage to the tractor was. A. The back part of the cab, the left door, the left fender, and the frame was twisted." Likewise, plaintiff's evidence as to the pecuniary loss suffered was brief, weak, uncorroborated, and impeached. Plaintiff gave an "estimation" that the value of the tractor before the collision was $3,000 and its value after the collision was $300. Defendant's counsel developed on cross-examination that while plaintiff had sought damages of $3,500 in Count II, plaintiff had purchased the tractor a year and a half before the accident for only $2,500, at a time when the tractor had around 70,000 miles on it, and that plaintiff had received an offer to repair it for $1,200. With the validity of plaintiff's testimony as to pecuniary loss thus impeached; the bona fides of his claim for property damage thus questioned; no supporting testimony to substantiate the amount of the offer to repair, and no other evidence before it on the question of property damage, the jury reasonably could have disregarded all of plaintiff's testimony with reference to pecuniary loss under Count II. Southern Bell Tel. & Tel. Co. v. Skaggs, 34 Tenn.App. 549, 241 S.W. 2d 126, 134. The verdict for defendant on Count II thus accounted for, we find the whole verdict internally consistent.

Second, defendant assails the verdict on the ground that it conflicts with and contradicts Instruction No. 1, which directed jury to return a verdict for plaintiff "on Counts I and II" if it found the facts to be as submitted by plaintiff. Defendant says that the verdict of a jury which thus violates its legal duty to follow the directions of the court cannot be permitted to stand. We consider this in connection with defendant's third point, that Instruction No. 14 is in irreconcilable conflict with Instruction No. 1 in that the former authorized a verdict for plaintiff on Count I and for defendant on Count II,

whereas the latter required a verdict for plaintiff on both Counts I and II if it found the issues of negligence for plaintiff. It is true that the jury did not follow the direction of Instruction No. 1 and that Instructions 1 and 14 are in conflict, but this does not automatically entitle defendant to a reversal of the judgment, in the absence of a showing of prejudice to the rights of defendant. If the verdict had been unintelligible; if confusion had resulted from the form in which it was returned, or if the meaning and intent of the jury otherwise had been rendered doubtful, there would be no hesitancy in reversing the judgment for these reasons. This verdict, however, is clear, understandable, and leaves no doubt that the jury intended to find the issues on the question of negligence for plaintiff and against defendant and to award plaintiff damages for his personal injuries, but to deny both plaintiff and defendant any recovery for damages to their property. No uncertainty, ambiguity or confusion appearing, this verdict can and should stand in the form in which it was rendered.

Finally, defendant makes the point that "the verdict was excessive for the type of injury suffered by the plaintiff and is not reasonably uniform with verdicts in other cases and is so excessive as to evidence bias and prejudice by the jury." This Court recognizes a distinction between a verdict which is excessive and a verdict which is so grossly excessive as to indicate bias and prejudice. Jones v. Pennsylvania R. Co., 353 Mo. 163, 182 S.W.2d 157, 159; Stokes v. Wabash R. Co., 355 Mo. 602, 197 S.W.2d 304; Taylor v. St. Louis Public Service Co., Mo.Sup., 303 S.W.2d 608, 612. A verdict which is excessive is one in which the jury made an honest mistake in weighing the evidence as to the nature and extent of the injury and in fixing the damages and awarded a sum disproportionate to the amounts usually awarded for comparable injuries under the rule of uniformity. Such a mistake can be cured and corrected without a new trial, by requiring a remit-

titur of a portion of the amount awarded. A verdict which is so grossly excessive as to indicate bias and prejudice is one in which the jury was guilty of misconduct by fixing an excessive figure as a result of bias and prejudice engendered during the course of the trial. Such misbehavior vitiates the entire verdict, not only as to the amount of the award, but also as to the determination of liability, and cannot properly be corrected by a remittitur, Dye v. St. Louis-San Francisco Ry. Co., 361 Mo. 331, 234 S.W. 2d 532; Knight v. Swift & Co., Mo.Sup., 338 S.W.2d 795, 801, but requires that the verdict in its entirety be set aside. Stokes v. Wabash R. Co., supra, 197 S.W.2d, l. c. 309, holds that an assignment of error of excessiveness based upon bias and prejudice of the jury will not serve to preserve the question of the simple type of excessiveness first above defined.

■■■ In his brief and argument defendant seeks relief on *both* grounds, contending that the verdict was excessive and asking for a remittitur under the rule of uniformity, and also contending that the verdict was so excessive as to evidence bias and prejudice upon the part of the jury, entitling him to an outright reversal of the judgment. As to the first of these contentions plaintiff takes the position, rightfully we think, that this point was not properly preserved in defendant's motion for new trial, as required by Supreme Court Rule 79.03, V.A. M.R. Paragraphs 15 and 16 of defendant's motion for new trial contain the only references to the amount of the verdict. Paragraph 15 complains that the verdict, for plaintiff on Count I for $28,000 and for defendant on Count II as to property damage, is improper, illegal, and "shows on its face that it is the result of bias, prejudice, and sympathy on the part of the jury." Paragraph 16 complains that the verdict of $28,000 on Count I "is so excessive as to indicate bias and prejudice upon the part of the jury, induced, contributed to, and caused by the improper conduct of plaintiff's wife, and improper, inflammatory and prejudicial statements and arguments of

plaintiff's counsel during the trial of the case." Under the case of Stokes v. Wabash R. Co., supra, followed in Browne v. Creek, 357 Mo. 576, 209 S.W.2d 900, 906[13], neither paragraph properly preserved the point of excessiveness so as to authorize a remittitur on the basis that the jury made an honest mistake. Paragraphs 15 and 16 raise only the question of bias and prejudice which "savors of misbehavior on the part of the jury." Jones v. Pennsylvania R. Co., supra, 182 S.W.2d, l. c. 159.

■■■ On the question whether the verdict was so excessive as to indicate bias and prejudice, vitiating the entire verdict and thereby entitling defendant to a new trial, this Court has consistently ruled that the mere size of a verdict—the fact that it may be excessive—does not in and of itself establish that it was the result of bias or passion and prejudice, O'Brien v. Louisville & Nashville R. Co., 360 Mo. 229, 227 S.W.2d 690, 693, 694; Abernathy v. St. Louis-San Francisco Ry. Co., Mo.Sup., 237 S.W.2d 161; Keely v. Arkansas Motor Freight Lines, Mo.Sup., 278 S.W.2d 765, without showing some other error committed in the trial. Slater v. Atchison, T. & S. F. Ry. Co., 224 Mo.App. 824, 24 S.W.2d 660, 666. Defendant relies on two occurrences to justify a finding of misconduct upon the part of the jury: (1) plaintiff was taking drugs and was under sedation during the course of the trial to relieve headaches and tightness in his stomach (a fact elicited by *defendant's* counsel on cross-examination), and (2) plaintiff's wife broke into tears while testifying, as a result of which the court declared a recess. Defendant contends that the taking of the pills tended to paint the picture of a pathetic, withdrawn victim of melancholia, but there is nothing in this record to indicate that the taking of the pills affected plaintiff's appearance, demeanor or mental operations, or cast him in this guise. Nor is it demonstrated that the tears had any effect upon the jury adverse to defendant's rights. The trial court, which had every opportunity to see and observe the effect, if any,

of this emotional incident, was not im-
pressed with the suggestion that defendant
was prejudiced. A motion to discharge the
jury on this ground was overruled. When
the point was raised a second time in the
motion for new trial, the court again over-
ruled. We find nothing in the record to
indicate any abuse of discretion on the
part of the trial court in these rulings.

No reversible error appearing, the judg-
ment is affirmed.

COIL and HOLMAN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C.,
is adopted as the opinion of the court.

All of the Judges concur.