**O. L. NOEL, Appellant,**

v.

**Billy D. ROBERTS, d/b/a Little Roberts Auto Salvage, Respondent.**

**No. 53764.**

Supreme Court of Missouri,
Division No. 2.

Feb. 9, 1970.

Compton & Brown, Roy W. Brown, Kansas City, for appellant.

Phillips, Rice & McElligott, Independence, for respondent.

LAURANCE M. HYDE, Special Commissioner.

Action for damages for personal injuries, alleged to have been caused by an assault by defendant. Plaintiff had verdict for $10,000 actual damages and $6,000 punitive damages. Defendant's motion for new trial was sustained on two grounds, namely: the $6,000 verdict for punitive damages "was excessive by virtue of bias and prejudice on the part of the jury"; and error in refusing to admit into evidence a letter from plaintiff's counsel to defendant. Plaintiff has appealed from the order for a new trial.

Plaintiff had repairs made to his automobile at defendant's place of business in August 1963. Plaintiff's wife picked up the car and paid for the repairs. Plaintiff considered the repairs defective and went to defendant's place of business to complain on August 22, 1963. His wife and six-year-old daughter went with him. An argument developed and plaintiff was beaten and kicked, sustaining severe injuries. Plaintiff and his wife said he was assaulted by defendant but defendant testified that he was on a trip to Des Moines, Iowa and Minnesota at the time and that he had never met plaintiff. Defendant testified, and was corroborated by others, that he was away from Kansas City on August 22, 1963. James Cooper, a race car mechanic, Richard Walter, a race car driver, and Hershel Wagner, another driver, testified they were with defendant at automobile races in Des Moines on August 22, 1963 and then went on to Minnesota with him. Defendant's employee, Howard Brockman, said plaintiff was assaulted by Cherry Pierce, another employee of defendant, while defendant was away on his trip to the automobile races. Pierce also testified that plaintiff came in, swore at him, calling him names and started to strike him with a telephone directory and that he then slapped and kicked plaintiff.

■ Defendant claims it was error and abuse of discretion to grant defendant a new trial on the ground that the punitive damages verdict was excessive as a result of bias and prejudice. Plaintiff cites Sperry v. Hurd, 267 Mo. 628, 185 S.W. 170; Skadal v. Brown, Mo.Sup., 351 S.W.2d 684; Peak v. W. T. Grant Company, Mo.App., 386 S.W.2d 685; Beggs v. Universal C.I.T. Credit Corporation, Mo.Sup., 409 S.W.2d 719; Stubbs v. Kansas City Terminal Railway Company, Mo.App., 427 S.W.2d 257; Pulem v. George, Mo.App., 433 S.W.2d 83. All of these were cases in which the trial court had refused to grant a new trial, as the trial court did in this case. As pointed out in Skadal, excessiveness as a result of bias and prejudice "vitiates the entire verdict, not only as to the amount of the award, but also as to the determination of liability, and cannot properly be corrected by a remittitur." 351 S.W.2d 1. c. 690. Plaintiff argues "there were no incidents in the record, or otherwise, that would justify the trial court in reversing said verdict of the jury entirely" and wants us to so find. However, as we stated in Dye v. St. Louis-San Francisco Ry. Co., 361 Mo. 331, 234 S.W.2d 532, 535: "A trial court, however, is in a position to find from all the circumstances of the trial that bias or prejudice entered into the case. Many matters that do not appear of record may be observed by the trial court." Here plaintiff and his wife testified that it was defendant who assaulted plaintiff. Defendant and three witnesses who were with him on his trip said he was not in the state. An employee of defendant said he was the one who assaulted plaintiff and another employee who was present so testified. The verdict for punitive damages must have been based on finding that defendant was present and was guilty of the assault. Under these circumstances, if the verdict for punitive damages was the result of bias and prejudice, we consider that the court in its discretion could properly grant a new trial on all issues as it did.

The court stated another ground for granting a new trial, namely that it was error to refuse to admit in evidence a letter

written by plaintiff's attorney which was as follows:

"November 8, 1963

Mr. Billy D. Roberts
d/b/a
Little Robert's Auto Salvage
6701 E. New 40 Highway
Kansas City, Missouri

In re: Oscar L. Noel—Accident of August 22, 1963

Gentlemen:

This firm has been retained by Mr. Oscar L. 'Rusty' Noel for the litigation or settlement of his claim for personal injuries caused by your employee acting directly within the course and scope of employment and at your direction.

If you have liability insurance, please refer this letter to your insurance carrier. If you do not have liability insurance, please contact me or have your attorney do so immediately.

Yours very truly,

Compton & Brown
By: /s/ Roy W. Brown
Roy W. Brown"

Plaintiff says this letter contained both competent evidence (the first paragraph) and incompetent evidence (the second paragraph); and that no error can be predicated on the offer of the entire letter, citing Ensminger v. Stout, Mo.App., 287 S.W.2d 400, 407, and State ex rel. State Highway Commission v. Koberna, Mo.Sup., 396 S.W.2d 654, 666, holding if portions of a writing are inadmissible it is not error to refuse its admission if it is offered as a whole. It is considered prejudicial for a plaintiff to indicate that a defendant has liability insurance. However, here it was the defendant who offered the letter suggesting he might have insurance and it does not appear how that could be prejudicial to the plaintiff. Moreover, this reference to liability insurance would also seem to indicate a claim of liability for acts of an employee as stated in the first paragraph. As said in Gibson v. Metropolitan Life Ins. Co., Mo.App., 147 S.W.2d 193, 196: "[I]f the admissions [of an attorney] are relevant to the purpose for which he was employed, and made while actually engaged in his client's cause, they may be shown in evidence against the client." We consider the whole letter admissible as showing material admissions. While reference to insurance against liability is ordinarily inadmissible, it is admissible where it tends to prove some issue in the case. See annotation 4 A.L.R.2d 764; see also Paepke v. Stadelman, 222 Mo.App. 346, 300 S.W. 845; 61 C.J.S. Motor Vehicles § 516(i) and § 516(q), pp. 256, 265; 8 Am.Jur.2d 507, 509, Automobiles and Highway Traffic, §§ 960, 964.

The order granting a new trial is affirmed and the cause remanded.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.