**Louis ENGLAND,**
**Plaintiff/Appellee/Cross-Appellant,**

v.

**GULF & WESTERN MANUFACTURING COMPANY,**
**Defendant/Appellant/Cross-Appellee.**

**Nos. 83–1466, 83–1474.**

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 18, 1983.
Decided Feb. 23, 1984.

Davidson, Schluetter & Mandel, Alan S. Mandel, St. Louis, Mo., for plaintiff/appellee/cross-appellant.

Moser, Marsalek, Carpenter, Cleary, Jaeckel & Keaney, Joseph H. Mueller and Jerome C. Simon, St. Louis, Mo., for defendant/appellant/cross-appellee.

Before HEANEY and McMILLIAN, Circuit Judges, and COLLINSON, Senior District Judge [*].

COLLINSON, Senior District Judge.

This is a cross-appeal from a decision of the district court[1] in a products liability action involving personal injuries suffered by the plaintiff when operating a punch press machine manufactured by the defendant. Plaintiff Louis England appeals the decision of the trial court to order a new trial on the issue of damages after England received a $700,000.00 jury verdict.[2] Defendant Gulf and Western Manufacturing Company ("Gulf & Western") appeals the denial of a judgment n.o.v. on the issue of contributory fault and the failure of the

---

[*] The Honorable William R. Collinson, Senior District Judge, Eastern and Western Districts of Missouri, sitting by designation.

[1] The Honorable William S. Bahn, United States Magistrate for the Eastern District of Missouri, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2] At the second trial, England received a $350,000.00 jury verdict, with judgment entered accordingly.

trial court to order a new trial on both liability and damages.[3] We affirm.

Louis England was hired on September 6, 1979, by the W.K. Manufacturing Company, a manufacturer of motor vehicle mirrors. One part of the manufacturing process involved using a punch press manufactured by Gulf & Western to seal weatherstripping on the mirrors. England was assigned to the punch press machine.

The mechanics of operating the punch press were relatively simple. After manually placing the weatherstripping in the mirror, England would manually position the mirror in the die space of the press, remove his hands, then depress a foot pedal which caused the pressing mechanism to descend with a force of 32 tons and seal the mirror. The mechanism then would automatically ascend and England would reach into the die space to retrieve the sealed mirror and start the process again.

England was given five to ten minutes instruction on operating the machine. After running the punch press on his own for about two and one-half hours, England's right hand was crushed when the pressing mechanism descended.

Suit was filed in state court and removed by Gulf & Western on the basis of diversity. We are obligated to follow the law of the State of Missouri on substantive issues. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). During the trial, evidence was introduced that the punch press was unreasonably dangerous and defective as designed and manufactured because it had an exposed point of operation, had no safety device such as a two-hand button to press before lowering the press, did not have any pull-back device for the hands at the time of the accident, and had no warnings about machine operation.

The case was submitted to the jury under the strict liability theory of Section 402A of the *Restatement of Torts (Second),* adopted in Missouri in *Keener v. Dayton Electric Manufacturing Co.,* 445 S.W.2d 362, 364 (Mo.1969). The jury returned a verdict of $700,000.00. The trial court denied Gulf & Western's motion for judgment n.o.v. but granted its motion for a new trial, limiting the trial, however, to the issue of damages.

Gulf & Western's first argument on appeal is that the trial court erred by not granting a directed verdict or judgment n.o.v. because England was guilty of contributory fault[4] as a matter of law. In reviewing the denial of a motion for judgment n.o.v. we are not free to weigh the evidence, pass on the credibility of witnesses, or substitute our judgment for that of the jury. Instead we must view the evidence in the light most favorable to the plaintiff and give him the benefit of all reasonable inferences to be drawn from the record. *Ybarra v. Burlington Northern, Inc.,* 689 F.2d 147, 150 (8th Cir.1982).

Using this standard, we have no difficulty in deciding the trial court properly denied a judgment n.o.v. England was injured on his first morning of work. He lacked previous experience with any type of punch press and received no warning about increased danger from using a machine without a guard or safety device. While he was aware that his hand could be crushed by the machine, after viewing the facts most favorably to him we cannot say he was aware of the dangerous condition caused by the failure to have safety devices designed and installed in the punch press. Contributory fault ordinarily is a jury issue. *Kayser v. Rockwell Graphic Systems, Inc.,* 666 F.2d 1233, 1235 (8th Cir.1982). If we were to find plaintiff liable for contributory fault as a matter of law in this case, it would be difficult to ever imagine a situation in which the issue would be submissible to a jury. Accordingly, we find the defendant's argument totally without merit.

---

**3.** Both of the alleged errors raised by Gulf & Western occurred during the first trial.

**4.** Contributory fault is the term Missouri courts have used to designate the defense of assump-

tion of the risk in cases where liability is based on Section 402A. *See Higgins v. Paul Hardeman, Inc.,* 457 S.W.2d 943, 948 (Mo.App., St.L. 1970).

Gulf & Western's second argument is more troubling. It alleges the trial court erred by granting a new trial only on the issue of damages after stating in its memorandum opinion that the jury verdict was "excessive and 'the result of bias, prejudice or reckless disregard' by the jury."

The question of whether a new trial is to be granted is a federal procedural question to be decided by reference to federal law. *Pitts v. Electro-Static Finishing, Inc.*, 607 F.2d 799, 802 (8th Cir.1979). A trial court has the power to grant a partial new trial, *Gasoline Products Co., Inc., v. Champlin Refining Co.*, 283 U.S. 494, 499, 51 S.Ct. 513, 514, 75 L.Ed. 1188 (1931), although a partial new trial may not be granted unless the issue to be retried is distinct and separable from others. *Id.* at 500, 51 S.Ct. at 515. Our standard of review is whether the trial court abused its discretion, for excessiveness of a verdict is basically a matter for the trial court which has heard the evidence and observed the demeanor of witnesses. *Solomon Dehydrating Co. v. Guyton*, 294 F.2d 439, 447 (8th Cir.), *cert. denied*, 368 U.S. 929, 82 S.Ct. 366, 7 L.Ed.2d 192 (1961).

Gulf & Western argues that while granting a partial new trial is a federal procedural question, we must look to the forum state's case law for guidance on the issue of excessiveness. *DeWitt v. Brown*, 669 F.2d 516, 524 (8th Cir.1982). Missouri cases indicate that verdicts so grossly excessive as to indicate bias and prejudice can be remedied only by a new trial on all issues. *See, e.g., Worley v. Tucker Nevils, Inc.*, 503 S.W.2d 417, 423 (Mo. en banc 1973); *Skadal v. Brown*, 351 S.W.2d 684, 690 (Mo.1961); *Marshall v. Ozark Gas and Appliance Co., Inc.*, 506 S.W.2d 474, 476 (Mo.App., Spr. 1974). A verdict merely excessive because of an honest mistake in weighing the evidence, however, may be remedied in Missouri by a new trial on damages alone or remittitur. *Worley*, 503 S.W.2d at 423.

We acknowledge Gulf & Western's concern over the trial court's use of the words "bias, prejudice, or reckless disregard" in its opinion granting a new trial on the issue of damages alone. Nonetheless, our reading of the court's order as a whole convinces us that the court found the verdict excessive based on honest mistakes in evaluating the evidence. The order discussed the evidence, pointed to some confusion in closing argument over the valuation of damages, and concluded that the verdict was "clearly excessive." The analysis was inconsistent with a finding of bias and prejudice and we will not find the trial court abused its discretion. We also hold that the trial court did not abuse its discretion in determining that the damage issue was distinct and separate from liability.

We wish to emphasize, however, that our ruling applies only to the narrow facts of this case. We urge trial courts in the future to be extremely cautious in using words such as "bias and prejudice" unless the evidence warrants a new trial on all issues.

Finally, we consider plaintiff England's argument that the trial court abused its discretion in setting aside the $700,000.00 verdict and ordering a new trial on damages. Plaintiff's counsel in closing argument mentioned that the complaint asked for $750,000.00, but then stated:

[I]f you feel that a right hand has a value . . . of five hundred thousand dollars . . . we did . . . prove that Mr. England has got a fifty percent loss of that hand . . . I would ask you to bring a verdict, accordingly.

England's counsel clearly implied to the jury that England's hand was worth $250,000.00. We cannot say the court abused its discretion in granting a new trial under these circumstances.

The judgment of the district court is affirmed.