Glindwood STRETCH, Plaintiff-Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant-Appellant.

No. 45388.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 11, 1983.

Ben Ely, Jr., St. Louis, for defendant-appellant.

Michael Stokes, St. Louis, for plaintiff-respondent.

GAERTNER, Judge.

This is an appeal from an order of the trial court sustaining respondent's Motion For New Trial in a jury-tried case.

Respondent was on patrol duty as a police officer of the City of Ste. Genevieve during the early morning hours of August 29, 1979. He observed a car driven by Michael Crump run a stop sign. The Officer turned on the red light and siren of his patrol car and a high speed chase through the streets of Ste. Genevieve ensued. Respondent "guessed" he attained speeds as high as 60 or 70 m.p.h. at times during the chase. Eventually, Crump turned on to Merchant Street, a one-way street consisting of one travel lane with parked cars on each side. Crump stopped about 65 or 70 feet from an intersection in the travel lane of Merchant Street. Respondent was approximately 100 feet behind the Crump vehicle when he observed its brake lights brighten. Estimating his speed at that time to have been 45 or 50 m.p.h., respondent applied the brakes of his patrol car but was unable to stop before running into the rear of the Crump vehicle. Respondent subsequently sued appellant, seeking damages for injuries allegedly resulting from this collision pursuant to the Uninsured Motorist provision of the insurance policy issued by appellant covering the vehicles of the Ste. Genevieve Police Department.

On October 15, 1981, a jury returned a verdict in favor of appellant and judgment was duly entered thereon. Respondent timely filed a Motion For New Trial on October 26, 1981 containing only two assignments of error.

1. That the Court erred in giving the contributory negligence instruction requested by the defendant for the reason that the evidence indicated that the plaintiff was a police officer involved in a high-speed chase of a law violator and that as such he is not charged with the responsibility of ex-

ercising the highest degree of care in the operation of his vehicle as to the law violator; and the instruction given charges him with that responsibility.

2. Further, that the court erred in refusing to permit plaintiff to introduce into evidence a court record indicating a financial relationship between the defendant and the uninsured motorist when said evidence was relevant both to the issues of the lawsuit and to show the interest of the uninsured motorist whose deposition was read into evidence.

On January 22, 1982, 99 days after the entry of judgment and 88 days after the date of filing of the Motion For New Trial, the court entered the following Order: "Plaintiff's motion for a new trial granted. No contributory negligence proved and verdict was against the weight of the evidence."

From this Order, appellant has perfected this appeal. It contends that the trial court was without jurisdiction to grant a new trial more than 30 days after the entry of judgment for any reason not set forth in the Motion For New Trial. We agree.

■ The jurisdiction of the trial court to order a new trial on its own initiative is restricted to a period not later than 30 days after the entry of judgment. Supreme Court Rule 75.01 VAMR. The filing of a Motion For New Trial extends the jurisdiction of the court to grant a new trial for a period of 90 days after the filing of the motion. Supreme Court Rules 78.04 and 78.06 VAMR. However, this extension of time applies only to matters and issues properly preserved and set forth in the Motion For New Trial. "After [the] thirty-day period the court's jurisdiction is limited to granting relief sought by one of the parties in its after trial motions for reasons stated

in that motion." *Wiseman v. Lehmann,* 464 S.W.2d 539, 543 (Mo.App.1971). *See also Stein v. McDonald,* 394 S.W.2d 297, 300 (Mo.1965); *Loveless v. Locke Distributing Co.,* 313 S.W.2d 24, 27 (Mo.1958).

■ It is patent that the respondent's Motion For New Trial did not seek relief for the reason the verdict of the jury was against the weight of the evidence. Nor can the first assignment of error in the motion be construed as a contention that there was no contributory negligence proved, the reason given by the trial court in its order of a new trial. Rather, the averment in the motion challenges the content of the contributory negligence instruction, contending a police officer involved in a high-speed chase of a law violator should not be charged with the responsibility of exercising the highest degree of care in the operation of his motor vehicle. We do not consider this dubious contention [1] since the trial court did not base the granting of the new trial upon error in the instruction.

■ Moreover, the undisputed fact that respondent permitted the front of his vehicle to strike the rear of the Crump vehicle, with a few exceptions not applicable here, bespeaks negligence. *Mueller v. Storbakken,* 583 S.W.2d 179, 182 (Mo. banc 1979). As in cases under the res ipsa loquitor doctrine, the mere fact of the rear end collision suffices to permit a jury to infer negligence on the part of the operator of the following vehicle. In view of the evidence in this case, for the trial court to rule there was "no evidence of contributory negligence" constitutes an impermissible substitution of the court's judgment for that of the jury regarding a factual determination. *Bray v. St. Louis-San Francisco Ry. Co.,* 236 S.W.2d 758, 761 (Mo.App.1951).

The order granting a new trial made more than 30 days after the entry of judg-

---

1. The evidence clearly brings respondent's vehicle within the definition of an emergency vehicle. § 304.022.3 RSMo 1978. The operator of an emergency vehicle may "[e]xceed the prima facie speed limit so long as he does not endanger life or property." § 304.022.4(2)(c). And see § 49.268 RSMo 1978, which while also exempting emergency vehicles from county speed limits, nevertheless requires compliance with "the basic rule declared in subsection 1 of § 304.010 RSMo," which requires the exercise of the highest degree of care by every operator of a motor vehicle.

ment for reasons not stated in Motion For New Trial was beyond the court's jurisdiction and void. The Order is reversed and this cause is remanded to the Circuit Court with directions to reinstate the judgment in favor of appellant.

SNYDER, P.J., and DOWD, J., concur.