

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| LEOPOLD MAYES, | ) | No. ED107252 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Jason M. Sengheiser |
| UPS, INC., ET AL., | ) | |
| | ) | |
| Respondent. | ) | Filed: November 26, 2019 |

## Introduction

Leopold Mayes ("Mayes") sued UPS and three former coworkers for discrimination, defamation, and other charges related to Mayes' termination. A jury found UPS liable for gender discrimination and punitive damages, assessing $350,000 in compensatory damages and $7,000,000 in punitive damages. The trial court accepted the jury's verdict and directed verdicts on other claims in a judgment on June 19, 2018 ("June 19 Judgment"). UPS timely filed a motion for new trial ("Motion for New Trial") along with other after-trial motions. On October 12, 2018, the trial court entered a judgment ("October 12 Judgment") granting the Motion for New Trial and setting aside the verdict and June 19 Judgment.

Mayes claims three points of error in this appeal based on the trial court granting a new trial in the October 12 Judgment. First, Mayes claims the trial court misapplied the law which required remittitur when a new trial is granted based solely on a finding of Honest Mistake

Excessiveness.[1]  Second, Mayes claims the trial court erred in setting aside the verdict and judgment on a counterclaim of Dominique Baker ("Baker"), one of the former coworkers who reported him to UPS management.  The counterclaim ("Baker's Retaliation Counterclaim") was not addressed in any of the after-trial motions.  Mayes claims the trial court should not have set aside this portion of the judgment and verdict.  And last, Mayes claims the above errors, when combined, show the trial court abused its discretion in granting the Motion for New Trial in the October 12 Judgment.

UPS responds the trial court had almost unlimited discretion to grant a new trial based on an against-the-weight-of-the-evidence finding, and the October 12 Judgment did not set aside the entire verdict and judgment as claimed by Mayes.  UPS asserts the trial court did not find Honest Mistake Excessiveness, a requirement for Mayes' first point relied on to succeed.  Therefore, UPS argues the trial court did not abuse its discretion in granting the Motion for New Trial.

We find the trial court did not abuse its discretion by granting the Motion for New Trial. Based on the language of the October 12 Judgment, the trial court may have set aside the entire judgment and verdict.  If this was the intent of the trial court, it was in error.  We affirm that portion of the October 12 Judgment granting UPS a new trial.  We reverse the remainder of the October 12 Judgment, enter judgment on the claims not addressed in the Motion for New Trial, and remand with instructions for the circuit court to proceed in accordance with this opinion.

### Factual and Procedural Background

Mayes filed suit in the Circuit Court of St. Louis City against his former employer UPS and three UPS employees.  Mayes filed a gender discrimination claim under the Missouri Human

---

[1] There are two types of excessive verdicts warranting post-trial intervention by a trial court. See *Bodimer v. Ryan's Family Steakhouses, Inc.*, 978 S.W.2d 4, 9 (Mo. App. E.D. 1998).  We will refer to them as "Honest Mistake Excessiveness" and "Bias and Prejudice Excessiveness," also known as Type I and Type II excessiveness, respectively.

2

Rights Act ("MHRA") related to his termination and a hostile work environment claim against UPS. Mayes also filed claims for defamation, tortious interference, and intentional infliction of emotional distress against two female former coworkers, Baker and Ronda Gordon ("Gordon"), and one female former supervisor, Chelsea Funk ("Funk").

Mayes worked at UPS as a package handler from 2008 until his termination in December 2014. UPS terminated Mayes for violations of the UPS policies prohibiting sexually inappropriate conduct. Gordon and Baker reported Mayes for inappropriate behavior at work. Gordon accused Mayes of rubbing his body up against her body, using inappropriate language toward her, and asking her for sexual favors. Baker accused Mayes of saying sexually explicit things to her, asking for sexual favors, and trying to pull down her pants. Mayes was confronted by UPS management. He told management he had not been harassing the women, but he claimed they had been harassing him. UPS terminated Mayes and did not terminate the women.

Mayes claimed UPS discriminated against him because he—a male who claimed harassment—was terminated when his female coworkers were not. Funk and Baker filed counterclaims under the MHRA against Mayes claiming Mayes was retaliating against them for claiming harassment at work. Before trial, Mayes dismissed all claims against Funk. Funk dismissed her retaliation counterclaim against Mayes. Mayes also dismissed the hostile work environment claim against UPS and the tortious interference and intentional infliction of emotional distress claims against Baker and Gordon. Mayes' discrimination claim against UPS, his defamation claims against Gordon and Baker, and Baker's Retaliation Counterclaim all went to trial.

At trial, Mayes called a former co-worker, Darelle Jones, who testified to overhearing Gordon and Baker planning to get Mayes fired. Jones allegedly reported this to UPS

3

management. Jones also testified to hearing the female coworkers laughing and making jokes after Mayes was fired. Mayes also called Quentel Ruffin, a supervisor at UPS at the time of Mayes' termination. Ruffin testified Gordon told her about the alleged harassment. Ruffin then spoke to Baker about the harassment upon Gordon's request and informed their direct supervisors about the complaints. Ruffin also testified she never saw Mayes commit the acts alleged by Gordon and Baker.

Funk testified for Mayes. Funk was a manager at UPS and testified she never saw Mayes commit the inappropriate behavior alleged by the women in this case. She also claimed she had reported Gordon for being insubordinate and for acting inappropriately at work, but Gordon was not fired.

Mayes also called the manager, Mark Collins, who Gordon and Baker complained to and who fired Mayes. Collins said Mayes did report that Mayes denied harassing Baker and Gordon and claimed Baker and Gordon were harassing him. Collins did not believe Mayes and terminated him.

UPS then called Gordon and Baker. Gordon testified that Mayes would rub his body up against her body, called her "bitch," and asked her for sexual favors. Baker testified that Mayes would say sexually explicit things to her, ask for sexual favors, and he tried to pull down her pants.

At the close of evidence, the trial court directed verdicts for Gordon and Baker for the defamation claims because they were covered by the intra-corporate immunity defense. The two remaining claims—Mayes' discrimination claim against UPS and Baker's Retaliation Counterclaim—were submitted to the jury.

The jury returned a unanimous verdict against UPS and for Mayes on the gender discrimination claim. The jury also returned a unanimous verdict on the same form assessing compensatory damages in the amount of $350,000 and finding UPS liable for punitive damages. On a separate verdict form, the jury assessed a punitive damages award of $7,000,000 against UPS. On a third verdict form, the jury found for Mayes on Baker's Retaliation Counterclaim. In the June 19 Judgment, the trial court accepted the jury's verdicts on the discrimination claim and Baker's Retaliation Counterclaim and entered judgment on the two directed verdicts not submitted to the jury.

On July 19, 2018, UPS timely filed six after-trial motions. These included: a motion for judgment notwithstanding the verdict ("JNOV Motion"); the Motion for New Trial; a motion for remittitur of compensatory damages; a motion for remittitur of punitive damages; a motion to reduce the unconstitutionally excessive punitive damages award; and a motion for a new trial on punitive damages. Mayes filed one after-trial motion seeking an amendment to the June 19 Judgment. Mayes moved for the addition of attorney's fees and expenses.

No other after-trial motions were filed. Specifically, no after-trial motions were filed to set aside the directed verdict for Gordon and Baker on Mayes' defamation charges. No after-trial motion was filed to set aside the jury verdict for Mayes on Baker's Retaliation Counterclaim. In the after-trial motions, UPS did not argue to set aside any dispositions other than the verdict against UPS. Mayes did not argue to set aside any dispositions in his single after-trial motion.

*JNOV Motion*[2]

The relief sought in the JNOV Motion was judgment for UPS on liability for gender discrimination and liability for punitive damages. UPS claimed Mayes failed to present sufficient evidence showing his gender was a contributing factor in his termination and failed to show there was a similarly situated female co-worker. UPS also claimed Mayes failed to present sufficient evidence showing evil motive or reckless indifference, and therefore, punitive damages were not warranted.

*Motion for New Trial*

UPS sought a new trial for two reasons in its Motion for New Trial, pled as an alternative to the JNOV Motion. First, UPS claimed the verdict was against the weight of the evidence because the verdict was shocking and excessive. UPS claimed:

> The [trial court]'s discretion to grant a new trial on this basis is practically unlimited. As noted in the motion for JNOV, Plaintiff never presented evidence to support submission of a claim for gender discrimination, and he certainly did not make a submissible case for punitive damages. If JNOV is denied, the Court should grant a new trial to remedy the shocking and excessive verdict rendered in this case.

Second, UPS claimed trial errors involving erroneous admission and exclusion of evidence which, by themselves, warranted a new trial.

To support its first argument, UPS claimed the evidence at trial supported a verdict for UPS on the gender discrimination claim because, among other things, Mayes violated the UPS Professional Conduct and Anti-Harassment Policy employed. In Paragraph 2 and 3 of Motion for New Trial, UPS argued for a new trial as against the weight of the evidence because the

---

[2] The JNOV Motion was denied as moot in October 12 Judgment. By comparing Rule 72.01 with Rules 78.01 and 78.02, we find a motion for judgment notwithstanding the verdict should not be denied as moot when granting a motion for new trial. A judgment notwithstanding the verdict requests a verdict in favor of the movant, not a new trial. That request is not mooted by granting a defendant a new trial. The trial court should have ruled on the JNOV Motion and then, if denied, address other after-trial motions as outlined in Rule 72.01(d).

evidence did not support the verdict against UPS for liability for gender discrimination and did not support the verdict against UPS for liability for punitive damages.

Then, in Paragraphs 42 through 48, UPS separately argued the verdict, which included both the compensatory and punitive damages awards, was excessive. UPS claimed the compensatory damages award of $350,000 was not adequately supported by evidence, was "grossly" excessive, and exceeded fair and reasonable compensation for the injuries and damages claims. UPS argued the evidence for compensatory damages included only limited emotional distress between Mayes' notice of termination and his removal from the UPS facility. According to the evidence presented, this was approximately ten minutes. UPS claimed the compensatory damages award was "excessive and a result of ***bias and prejudice*** caused by, among other things, the admission of irrelevant, immaterial, and prejudicial evidence as noted in this motion and the exclusion of irrelevant information." (Emphasis added). UPS stated, "The verdict is so excessive as to conclusively show that it is the result of ***passion*** and ***prejudice***, requiring that it be set aside and a new trial ordered." (Emphasis added). UPS also claimed the compensatory damages award was "so excessive as to shock the conscience[.]" UPS further argued the punitive damages award of $7,000,000 was "grossly" excessive and exceeded a fair and reasonable amount necessary to punish UPS. UPS also claimed the evidence showed UPS discharged Mayes based on credible allegations from multiple employees showing Mayes violated the UPS policies. UPS claimed Mayes failed to show evidence of any evil motive or reckless disregard by UPS to justify an award of punitive damages. UPS also claimed the punitive damages award was unconstitutional and excessive.

In its second argument, UPS claimed the trial court's erroneous evidentiary decisions warranted a new trial.[3] UPS explained:

> [The trial court] excluded all evidence after Plaintiff was informed on December 10, 2014, that he was "discharged," including evidence of the additional investigation UPS conducted and the grievance proceedings that ultimately resulted in Plaintiff's termination. This evidence was highly relevant to the reasons for Plaintiff's termination, and it was crucial to any fair determination of whether UPS could be held liable for punitive damages. Exclusion of this evidence unfairly and improperly gutted UPS's case and deprived the jury of the facts necessary to render a fair verdict.

In the Motion for New Trial, UPS claimed these trial errors warranted a new trial even without considering the claims in the first argument.

In the prayer for relief of the Motion for New Trial, UPS asked the trial court to grant the JNOV Motion or, in the alternative, "grant a new trial on all issues."

*Motion for Remittitur: Compensatory Damages*[4]

The motion for remittitur of the compensatory damages filed by UPS sought remittitur of compensatory damages *if the JNOV Motion and Motion for New Trial were denied*. UPS suggested its alleged conduct did not warrant a compensatory damages award. UPS claimed, even if the award was warranted, the compensatory damages award was excessive and unreasonable warranting remittitur. UPS outlined Honest Mistake and Bias and Prejudice Excessiveness under Missouri law. UPS claimed the damages were Bias and Prejudice Excessiveness because of error requiring a new trial as argued in the Motion for New Trial. UPS sought remittitur of compensatory damages to a reasonable amount if the trial court disagreed with the claims in the Motion for New Trial.

To support its remittitur motion, UPS claimed Mayes failed to show any evidence of lost wages, financial hardship, or treatment. UPS also claimed Mayes only showed limited evidence

---

[3] The second argument involving evidentiary error warranting a new trial per se was denied as moot by the October 12 Judgment.

[4] Denied as moot in October 12 Judgment.

of emotional harm or "shame" associated with the termination. UPS claimed there was not enough evidence to support a compensatory damages award of $350,000.

*Motion for Remittitur: Punitive Damages*[5]

The motion for remittitur of punitive damages filed by UPS sought remittitur of punitive damages *if the JNOV Motion and Motion for New Trial were denied*. UPS suggested its alleged conduct did not warrant a finding of liability for punitive damages. UPS claimed, even if punitive damages were warranted, the damages award was excessive and unreasonable warranting remittitur. UPS again addressed two types of excessive damages and claimed the damages were excessive because of error requiring a new trial as argued in the Motion for New Trial. UPS sought remittitur of punitive damages to a reasonable amount if the trial court disagreed with the claims in the Motion for New Trial.

To support this motion, UPS claimed the punitive damages were "grossly" excessive. UPS outlined the factors to be considered when determining a punitive damages award. UPS claimed these guidelines required remittitur to a more reasonable amount. UPS also claimed the punitive damages award was improperly based on irrelevant financial information and the jury did not consider relevant evidence of the UPS post-termination investigation and grievance procedure available to Mayes. UPS also cited recent reported damages awards in similar cases to show the $7,000,000 amount was unreasonable.

*October 12 Judgment*

On October 12, 2018, the trial court entered judgment granting the Motion for New Trial. In the October 12 Judgment, the trial court explained the circumstances of the case, reiterated portions of the facts stated in the Motion for New Trial, and then summarized the argument UPS employed. The trial court stated:

---

[5] Denied as moot in October 12 Judgment.

Defendant UPS moves, in the alternative to its Motion for Judgment Notwithstanding the Verdict, for a new trial because the verdict is against the weight of the evidence. UPS argues **the evidence at trial demonstrated multiple individuals heard Plaintiff use sexually explicit language around others at the workplace**. UPS argues it was largely undisputed at trial that **UPS interviewed two of Plaintiffs female co-workers who had complained to UPS management they had been sexually harassed by Plaintiff, as well as two supervisors who confirmed Plaintiff used sexually explicit language at the workplace**. Sexual harassment and use of sexually explicit language at the workplace are violations of UPS' Professional Conduct and Anti-Harassment Policy. UPS contends **Plaintiff admitted an employee who engaged in this type of conduct deserved to be discharged**. UPS argues at the end of the trial it was clear that Plaintiffs gender was not a contributing factor in UPS' decision to terminate Plaintiff, and that **UPS discharged Plaintiff because it believed he violated the Policy**. UPS further argues **Plaintiff presented no evidence of any evil motive or reckless disregard on the part of UPS to justify an award of punitive damages**. UPS argues the Court should grant a new trial **to remedy the shocking and excessive verdict**.

UPS also moves for a new trial arguing that the Court's evidentiary rulings stripped UPS of the ability to properly defend this case. UPS contends the Court **erred with regard to several evidentiary issues**, and **by denying UPS' Motion for Leave to Amend its Answer to assert an after-acquired evidence defense**. (Emphasis added)

The trial court cited Rule 78.02[6] in granting the Motion for New Trial. It referred to the "nearly unfettered" discretion to grant a new trial when the trial court finds the verdict was against the weight of the evidence. The trial court found the jury's verdict was "against the clear weight of the evidence, and for that Defendant UPS should be granted a new trial." The trial court found the verdict was "excessive and was arrived at by the jury without regard to the evidence." The trial court then declined to address the second argument regarding specific evidentiary errors before and during trial. The trial court granted the Motion for New Trial and set aside the jury's verdict and the June 19 Judgment. Last, the trial court denied as moot the second argument from the Motion for New Trial, the JNOV Motion, the motion for remittitur of compensatory damages, the motion for remittitur of punitive damages, the motion to amend the judgment to reduce the unconstitutionally excessive punitive damages award, the motion to

---

[6] Unless otherwise indicated, all rule references are to Missouri Supreme Court Rules (2018).

amend the judgment or for new trial on punitive damages, and Mayes' motion to amend the judgment to include attorney's fees and expenses.

Mayes timely filed a notice of appeal on October 17, 2018. Also on October 17, 2018, Mayes moved for the trial court to reconsider and/or amend the October 12 Judgment or to stay the case pending appeal. On October 25, 2018, the trial court filed an amended order and judgment ("October 25 Judgment") incorporating the October 12 Judgment and clarifying the new trial was "granted as to all issues."

This appeal followed.[7]

## Discussion

### *Lack of Jurisdiction to Enter the October 25 Judgment*

Mayes filed a notice of appeal requesting we review the October 12 Judgment for error on October 17, 2018. When a party properly files a notice of appeal[8] for the review of a final judgment of a circuit court, jurisdiction becomes vested in the appellate court and the trial court no longer has the ability to address the claims. *City of Greenwood v. Martin Marietta Materials, Inc.*, 311 S.W.3d 258, 266 (Mo. App. W.D. 2010), as modified (Mar. 30, 2010). Because Mayes properly filed the notice of appeal on October 17, 2018, the trial court could not enter the October 25 Judgment.[9] We, therefore, only review the October 12 Judgment which granted the Motion for New Trial.

---

[7] Mayes timely filed a second notice of appeal for the October 25 Judgment as well. The two appeals were consolidated into this appeal.

[8] Cases had previously required the filing of docket fees in order to properly file the notice of appeal and divest a trial court of jurisdiction. See *Brock*, 519 S.W.2d at 367. However, the Supreme Court of Missouri has held the docket fee requirement cannot be considered a jurisdictional prerequisite because a court "may not extinguish [the right to appeal] through its rules of practice or procedure." *Goldsby v. Lombardi*, 559 S.W.3d 878, 881 (Mo. banc 2018), opinion modified on denial of reh'g (Dec. 4, 2018) (citing MO. CONST. Art. V, § 5).

[9] We note two circumstances when a trial court can file a judgment or order after notice of appeal is filed. The trial court can "vacate, amend[,] or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal." See Rule 75.01. The trial court can also correct clerical errors with leave of this court. See Rule

11

We address Mayes' claims in the following order for ease of legal analysis. In Point II, Mayes claimed the trial court erred in ordering a new trial on a co-defendant's counterclaim in violation of Rule 75.01. In Point I, Mayes claimed the trial court misapplied the law in failing to order remittitur before ordering a new trial. In Point III, Mayes claimed the trial court abused its discretion in sustaining the Motion for New Trial, which vacated the June 19 Judgment, because failing to apply the law correctly as claimed in Point I and violating Rule 75.01 as claimed in Point II made the October 12 Judgment illogical, unreasonable, arbitrary, shocking, and indicative of a lack of careful consideration.

*Standard of Review*

A circuit court has broad discretion to grant one new trial on the ground that the verdict is against the weight of the evidence. Rule 78.02. Its decision will be affirmed by an appellate court absent manifest abuse of that discretion. *Badahman v. Catering St. Louis*, 395 S.W.3d 29, 39 (Mo. banc 2013).[10] A trial court abuses its discretion when its decision "is clearly against the logic of the circumstances and is so unreasonable and arbitrary that it shocks one's sense of justice and indicates a lack of careful consideration." *Stewart v. Partamian*, 465 S.W.3d 51, 56 (Mo. banc 2015). The rationale that supports applying this standard of review is that "[t]he trial court is in the best position to weigh the quality and quantity of the evidence and to determine whether justice has been done." *Badahman v. Catering St. Louis*, 395 S.W.3d 29, 39 (Mo. banc 2013) (internal citations omitted). "If the trial court finds a verdict is against the weight of

---

74.06(a). Neither of these circumstances was present in this case, so the trial court could not enter the October 25 Judgment.

[10] In his reply brief, Mayes claims UPS waived its right to defend the Motion for New Trial because this court dismissed a cross-appeal filed by UPS seeking reconsideration of the JNOV Motion. Mayes cites no legal authority for this claim. This court dismissed UPS's cross-appeal, which was filed by UPS "out of an abundance of caution…to preserve the issue of submissibility[,]" because UPS was not an aggrieved party to the October 12 Judgment. The October 12 Judgment granted the relief sought by UPS in the Motion for New Trial so no cross-appeal was allowed. See *Trinity Lutheran Church v. Lipps*, 68 S.W.3d 552, 556 (Mo. App. E.D. 2001).

evidence, it must have the discretion to order a new trial to protect the right to a jury trial." *Id*. (internal citations omitted).

Appellate courts must view evidence and all reasonable inferences therefrom in "**the light most favorable to the *circuit court's order***[]" when reviewing a trial court's ruling on the weight of the evidence relating to remittitur, additur, or the grant of a new trial. *Id*. at 39-40 (emphasis in original).

Point II

Mayes claims the trial court ordered a new trial for Baker's Retaliation Counterclaim when it stated in the October 12 Judgment: "The jury's verdict in this matter and the judgment are set aside." The October 12 Judgment does not mention Baker's Retaliation Counterclaim or either of Mayes' two defamation claims. UPS claims the trial court merely set aside the judgment to the extent the issues were under the trial court's authority in the after-trial motions.

*Analysis*

The trial court loses the authority to order a new trial "on its own initiative" once thirty days have passed after entry of a judgment. Rule 75.01; *Stretch v. State Farm Mut. Auto. Ins. Co.*, 645 S.W.2d 729, 731 (Mo. App. E.D. 1983). Filing a motion for new trial extends the time the trial court retains authority beyond the thirty-day period for ninety days beginning the day the last after-trial motion is timely filed. Rules 78.04 & 78.06; *Stretch*, 645 S.W.2d at 731. This retained authority applies *only to matters and issues properly preserved and set forth* in a motion for new trial. See *Stretch*, 645 S.W.2d at 731. Once the thirty day period lapses, the trial court is limited to "granting relief sought by one of the parties in its after[-]trial motions *for reasons stated in that motion*." *Id*. (citing *Wiseman v. Lehmann*, 464 S.W.2d 539, 543 (Mo. App. St. Louis 1971)) (emphasis added).

13

Here, the trial court filed the June 19 Judgment addressing four separate sets of claims. The June 19 Judgment addressed: Mayes' discrimination and damages claims against UPS; Baker's Retaliation Counterclaim; Mayes' defamation claim against Baker; and Mayes' defamation claim against Gordon. The trial court retained authority to address these four claims until July 19, 2018. See Rule 75.01. On July 19, 2018, thirty days after the June 19 Judgment was filed, the trial court lost the authority to order a new trial *on its own initiative* for any of the four claims. *Stretch*, 645 S.W.2d at 731. At that point, the trial court was limited to acting based on reasons stated in a timely filed after-trial motion. *Id*.

On July 19, 2018, UPS timely filed the Motion for New Trial thereby extending the time the trial court could address the matters and issues in the motion. *Id*. In the Motion for New trial, UPS asked the trial court to "grant a new trial on all issues." The trial court was limited by the relief sought in UPS's after-trial motions. UPS did not mention Baker's Retaliation Counterclaim or Mayes' defamation claims in the Motion for New Trial or any of the after-trial motions. Mayes' motion to amend the judgment sought only to include attorney's fees and expenses. Based on the requested relief in the timely filed after-trial motions, the trial court did not have the authority to set aside or order a new trial for the jury's verdict on Baker's Retaliation Counterclaim or the two directed verdicts. See *Id*. In granting the Motion for New Trial in the October 12 Judgment, the trial court did not have the authority to set aside the entire June 19 Judgment. The trial court only retained authority to rule on the issues set forth in the Motion for New Trial, UPS's other after-trial motions, and Mayes' after trial motion. To the extent the trial court may have done otherwise, it was in error.

When a court retains jurisdiction over a case but has limited authority to rule on issues, as it does here, a judgment which goes beyond the trial court's authority is "not void…but voidable

only." *State ex rel. Hawley v. Pilot Travel Centers, LLC*, 558 S.W.3d 22, 29-30 (Mo. banc 2018) (internal citations omitted). "[A] judgment which is voidable is capable of confirmation or ratification, and until superseded, reversed, or vacated, it is binding and enforceable." *State ex rel. Hawley v. Pilot Travel Centers, LLC*, 558 S.W.3d 22, 29-30 (Mo. banc 2018) (quoting 46 Am. Jur. 2d Judgments § 24 (2018)). Therefore, the October 12 Judgment is binding and enforceable for our review.

Mayes has challenged the trial court's authority to set aside the three claims not addressed in any after-trial motions. In *Hawley*, the Supreme Court of Missouri ruled the voidable judgment is capable of confirmation or ratification. *Id.* To the extent the October 12 Judgment provided relief sought in the Motion for New Trial granting UPS a new trial, we ratify and confirm the judgment. Supreme Court Rule 84.14 allows this court to "reverse or affirm the trial court's judgment, in whole or in part[.]" To the extent the language of the October 12 Judgment is ambiguous and can be read to set aside the jury verdict on Baker's Retaliation Counterclaim and the directed verdicts on the two defamation claims, we reverse the judgment of the trial court. *Id*; Rule 84.14.

Regarding Mayes' defamation claims against Gordon and Baker, we enter judgment for Gordon and Baker in keeping with the directed verdicts and the June 19 Judgment. Regarding Baker's Retaliation Counterclaim, we enter judgment for Mayes in keeping with the jury's verdict and the June 19 Judgment. Regarding Mayes' gender discrimination claim against UPS, we affirm that portion of the October 12 Judgment granting a new trial to UPS on all issues, as discussed below.

15

Point I

In his first Point Relied On, Mayes claims the trial court misapplied the law by failing to order remittitur when the new trial was granted "solely on [the trial court's] conclusion that the amount of damages awarded by the jury was excessive and not supported by the evidence submitted at trial." Mayes bases his argument on the fact the trial court found Honest Mistake Excessiveness. Mayes is incorrect in asserting the trial court found Honest Mistake Excessiveness. Mayes also failed to demonstrate excessiveness was the trial court's sole basis for granting the Motion for New Trial.

*Standard of Review*

Whether the circuit court applied the correct legal standard is a question of law reviewed de novo. *Kesler–Ferguson v. Hy–Vee, Inc.*, 271 S.W.3d 556, 558 (Mo. banc 2008). Mayes claims the trial court erred in applying the law requiring remittitur. We review de novo the application of the law to the facts. *Emerson v. Garvin Grp., LLC*, 399 S.W.3d 42, 44 (Mo. App. E.D. 2013) citing *Kesler–Ferguson*, 271 S.W.3d at 558 (Mo. banc 2008); see also *Smith v. Kansas City S. Ry. Co.*, 87 S.W.3d 266, 271 (Mo. App. W.D. 2002).

*Analysis*

When determining the grounds relied on by the trial court for granting a new trial, we consider the language used in the trial court's order and the arguments in the motion for new trial itself. *Davis v. Perkins*, 512 S.W.2d 868, 870 (Mo. App. K.C. 1974). The Motion for New Trial contained two argument sections, one section claiming the verdict was against the weight of the evidence and a second section claiming the evidentiary errors by the trial court warranted a new trial. UPS claimed the verdict was against the weight of the evidence because the damages awards were excessive and the evidence did not support a finding of liability for gender

16

discrimination or punitive damages. The second section of the argument was denied as moot when the trial court granted the Motion for New Trial based on the first section. Mayes claims the trial court found Honest Mistake Excessiveness and granted a new trial based solely on this finding, without first granting remittitur. We find two fatal errors in Mayes' argument on appeal. First, Mayes failed to show the trial court found Honest Mistake Excessiveness, necessary to require remittitur. Second, Mayes failed to show the trial court based the grant of the new trial solely on the finding of excessiveness, whether or not it was Honest Mistake Excessiveness.

Mayes claims the trial court found Honest Mistake Excessiveness. "There are two general types of excessive verdicts: (1) a verdict that is disproportionate to the evidence of injury and results from an 'honest mistake' by the jury in assessing damages; and (2) a verdict that is excessive due to trial error that causes bias and prejudice by the jury. *Stewart*, 465 S.W.3d at 56 (citing *Lindquist v. Scott Radiological Grp., Inc.*, 168 S.W.3d 635, 645 (Mo. App. E.D. 2005)).

Honest Mistake Excessiveness is "where the verdict is simply disproportionate to the proof of injury and results from an honest mistake by the jury in assessment of the evidence." *Bodimer v. Ryan's Family Steakhouses, Inc.*, 978 S.W.2d 4, 9 (Mo. App. E.D. 1998). Mayes claims, without reference to any convincing law or facts, that the trial court found Honest Mistake Excessiveness. Honest Mistake Excessiveness may be corrected by an enforced remittitur and does not require a retrial. *Lindquist*, 168 S.W.3d at 645 (citing *Bodimer*, 978 S.W.2d at 9). Other restrictions on remittitur may require a new trial even if Honest Mistake Excessiveness is found. See e.g., *Zibung v. Union Pacific R. Co.*, 776 S.W.2d 4, 6 (Mo. banc 1989) (liability and damages intertwined); *Lindquist*, 168 S.W.3d at 651 (remittitur not allowed in medical malpractice actions).

17

Bias and Prejudice Excessiveness is "where the verdict's excessiveness is engendered by trial error or misconduct and thus results from the bias and prejudice of the jury." *Bodimer*, 978 S.W.2d at 9. Bias and Prejudice Excessiveness can only be remedied with a new trial. *Id.* The complaining party must have shown some trial error or misconduct which biased or prejudiced the jury. *Larabee v. Washington*, 793 S.W.2d 357, 359 (Mo. App. W.D. 1990), overruled on other grounds by *Emery v. Wal-Mart Stores, Inc.*, 976 S.W.2d 439 (Mo. 1998) (citing *Mullen v. Dayringer*, 705 S.W.2d 531, 536 (Mo. App. 1985)).

The test for this second type of excessiveness is "left largely to the discretion of the trial court." *Walton v. U.S. Steel Corp.*, 362 S.W.2d 617, 627 (Mo. 1962); *Skadal v. Brown*, 351 S.W.2d 684, 690–91 (Mo. 1961). Before a verdict can be deemed prejudicially excessive, the party must show both that the amount of "the verdict is excessive and that some event occurred at trial that incited the bias and prejudice of the jury." *Dieser v. St. Anthony's Med. Ctr.*, 498 S.W.3d 419, 439-40 (Mo. banc 2016) quoting *Giddens v. Kansas City S. Ry. Co.*, 29 S.W.3d 813, 822 (Mo. banc 2000). "[T]he size of the verdict alone will not establish passion and prejudice by the jury. There must be a showing of some other error at trial." *Dieser*, 498 S.W.3d at 440 (internal citations omitted).

Mayes claims on appeal the trial court found Honest Mistake Excessiveness. This is not supported by the record. The trial court denied as moot two motions for remittitur which both sought Honest Mistake Excessiveness. These motions, which pled for remittitur as an alternative to the Motion for New Trial, weigh heavily against Mayes' contention the trial court found Honest Mistake Excessiveness. In the Motion for New Trial and restated by the trial court in the October 12 Judgment, UPS argued numerous trial errors lead to the shocking and excessive verdict (e.g. the evidence at trial demonstrated multiple individuals heard Plaintiff use sexually

18

explicit language around others at the workplace; UPS interviewed two of Plaintiffs female co-workers, who had complained to UPS management they had been sexually harassed by Plaintiff, and two supervisors, who confirmed Plaintiff used sexually explicit language at the workplace; Plaintiff admitted an employee who engaged in this conduct deserved to be discharged; UPS discharged Plaintiff because it believed he violated the Policy; Plaintiff presented no evidence of any evil motive or reckless disregard by UPS to justify an award of punitive damages; the Court erred with regard to several evidentiary issues, and by denying UPS' Motion for Leave to Amend its Answer to assert an after-acquired evidence defense).

The trial court's October 12 Judgment could have been clearer granting the new trial on all issues based on Bias and Prejudice Excessiveness.[11]  Such a finding will warrant the grant of a new trial on its own.  Mayes had to show this court the trial court found Honest Mistake Excessiveness as the sole basis for granting the Motion for New Trial.  The October 12 Judgment and the Motion for New Trial do not support the contention the trial court found Honest Mistake Excessiveness so remittitur was not required when granting the Motion for New Trial.

Mayes' argument on appeal also fails because the October 12 judgment shows the trial court stated two reasons for granting the Motion for New Trial.  The trial court found the verdict, which includes not only the damages awards but, also, the finding of liability for gender discrimination and the finding of liability for punitive damages, was "reached by the jury without regard to the evidence."  This on its own is a sufficient reason to grant a new trial to UPS.  "It is elemental in our jurisprudence that a single ground of error, if prejudicial, is sufficient to warrant granting a new trial." *State ex rel. State Highway Comm'n v. Klipsch*, 414 S.W.2d 783, 786 (Mo. 1967).  The fact the trial court's ruling might not have been proper on every assigned ground

_____

[11] We do not find any statute or case requiring the trial court to be more specific than it was in this case.  However, to aid in judicial efficiency, it would be helpful if the trial court would specify which type of excessiveness is found when more than one excessiveness claim is made in timely filed after-trial motions.

should not render the order ineffectual and deny the defendant a new trial. *Id*. If the trial court did err by granting a new trial based on Honest Mistake Excessiveness, the trial court could still have granted a new trial based on the claims the liability verdict was against the weight of the evidence in the Motion for New Trial.

The trial court granted the Motion for New Trial because the verdict was against the weight of the evidence. The trial court gave two reasons for finding the verdict was against the weight of the evidence. It found, "the verdict is excessive **and** was arrived at without regard to the evidence." (emphasis added).

Mayes has failed to demonstrate the trial court found Honest Mistake Excessiveness as the sole basis for granting a new trial. The trial court had the opportunity to rule under Rule 78.10 and grant one or both of the motions for remittitur filed by UPS. However, the trial court denied these motions as moot and granted the Motion for New Trial under Rule 78.02, which allows the trial court broad discretion in granting a new trial. *Badahman v*, 395 S.W.3d at 38. The trial court granted UPS a new trial because the verdict was excessive and reached without regard to the evidence. The trial court may have granted the new trial based on a finding of Bias and Prejudice excessiveness or based on an against-the-weight-of-the-evidence finding because the verdict "was reached by the jury without regard to the evidence[]" or both findings. These findings are not mutually exclusive. Neither would require remittitur. Mayes has failed to show the trial court misapplied the law on excessiveness or abused its discretion granting UPS a new trial. We affirm the trial court's order granting UPS a new trial on all issues.

## Point III

Mayes' third Point Relied On suggests the October 12 Judgment was an abuse of discretion because of legal errors within the judgment argued in Point I and Point II of this

appeal. Because we find the trial court did not err in granting the Motion for New Trial and we have reversed any voidable error within the October 12 Judgment, Mayes' argument fails.

## Conclusion

We affirm that portion of the October 12 Judgment granting UPS a new trial on all issues. The remainder of the judgment setting aside the June 19 Judgment is reversed. Judgment is entered for Gordon and Baker on the defamation claims. Judgment is entered for Mayes on the Baker's Retaliation Counterclaim. We remand this case to the Circuit Court of the City of St. Louis for a new trial on all issues between UPS and Mayes.

_____

Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.